UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THE ESTATE OF LORD TREYSHUN                                              Plaintiff
GARDNER

v.                                                                  Civil Action No. 3:25-cv-129-RGJ

GOOGLE, INC.                                                             Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Pro se Plaintiff Estate of Lord Treyshun Gardner ("Gardner")[1] originally sued Google Inc. in state court [DE 1-1]. Summons was served by the Secretary of State on Google Inc. at the address provided, 1600 Amphitheatre Parkway, Mountain View, California 94043. [DE 1-1 at 19]. Google, LLC ("Google") removed this case to federal court under diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, and 1446, on March 4, 2025. [DE 1].[2] In its removal, Google asserts that it was "improperly named in this action as Google, Inc." [*Id.* at 1]. Google also asserts it "is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google LLC's sole member is XXVI Holdings, Inc., a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway,

---

[1] In Defendant's removal, it is asserted that "[b]ased on information available, Plaintiff is a living individual, and not the representative of an estate for a deceased individual." [DE 1 at 1]. After review of the overall pleadings and matching the address of the Plaintiff to various public records in Jefferson District Court, it appears that the Plaintiff is a living individual who ascribes to certain sovereign citizen beliefs and has chosen to use the estate language to avoid any appearance as a "federal citizen." *See* https://en.wikipedia.org/wiki/Sovereign_citizen_movement. Specifically, in the Complaint, Plaintiff states, "Plaintiff Lord Treyshun The Estate Holder & Grantor of Gardner Sir Name," and refers to himself in all capital letters, such as "Unjust Enrichments on behalf of the falsified Information and deals made on behalf without permission of any subject from the natural Person of TREYSHUN GARDNER." [DE 1-1 at 10]. Moreover, Gardner appears to allege strawman and natural person theories commonly asserted by followers of the sovereign citizen movement. [*Id.* at 10-11].

[2] Google alleges that Gardner is a citizen of the Commonwealth of Kentucky, and it is a citizen of Delaware and California. [DE 1 at 2-3].

Mountain View, California 94043." [*Id.* at 2, ¶9]. Google attaches its Statement of Information filed with the California Secretary of State. [DE 1-2].

On March 11, 2025, Google timely pleaded, moving for dismissal with prejudice of Gardner's claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [DE 7]. Gardner failed to respond to Google's motion and the time for doing so has passed. Over a month after the response deadline, Gardner moved for "Defaulted Judgement" [sic]. [DE 8]. Google timely responded, [DE 9], and Gardner did not reply and the time for doing so has passed. These matters are ripe. For the reasons below, Google's Motion to Dismiss [DE 7] is **GRANTED** and Gardner's Motion for Defaulted Judgment [DE 8] is **DENIED.**

## I.      BACKGROUND[3]

Originally filed in Jefferson Circuit Court on January 17, 2025, Gardner's complaint is difficult, at best, to understand. It appears to the Court that Gardner generally asserts that he has "been Gang Stalked by shareholders looking to Collect my strawman with Illegal Bribery practices trying to convince TREYSHUN GARDNER to allow my signature for a 3rd Party. Illegal Malpractices and Misuse of medical information and medication Drugs to sodomize and to also compromise my wellbeing to not recognize my intelligence." [DE 1-1 at 10]. In essence, much of the complaint appears to generally assert misuse or exposure of "Sensitive data." [DE 1-1 at 12]. In addition, he alleges that Google "Dealing with Pfizer & Other NanoTech to Steal Intelligence Property From TREYSHUN GARDNER Estate A American Indian" and that Google has "us[ed] Nanos & Smartdust To Farm Body Heat To Create Currency." [*Id.*]. As a result, Gardner "Demands Full Compensation, Investment, Profit, Interest, Return of Information

---

[3] The factual allegations in the Complaint [DE 1-2] are considered true for purposes of this motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

Property, Intelligence Property, Voice Notes & Music Property. Etc.," as well as 10 billion in damages with the "Court" to "receive 10%." [DE 1-1 at 13]. Google interprets the complaint as accusing it of "harvesting Plaintiff's body heat for power and also 'gang stalking' him." [DE 7 at 35].

## II. DISCUSSION

Because Gardner's motion for default [DE 8] addresses the entity which has pled by moving to dismiss [DE 7], the Court first addresses the motion for default.

1. <u>Motion for Defaulted Judgement [sic] [DE 8]</u>

Gardner asserts that default judgment should be entered because the entity he specifically sued has not made an appearance. [DE 8 at 46]. As an initial matter, while the Summons served "Google, Inc," this motion names the Defendant as "Alphabet INC (Google INC)," but the Court notes no summons have issued to Alphabet, Inc. (Google's parent company). [*Id.*]. Specifically, Gardner states:

> It is stated that "Google LLC" has Appeared In place for "Alphabet Inc" Formerly Known As "Google Inc" In which "Google LLC" is a different entity than the corporation I've Summoned. The Corporation google changed its name to Alphabet Inc while Operating in Continuation as Google Inc still holds the same Responsibilities as its former Corporate Name. It has been Over 80 Days after the February 10th 2025 Serving of Papers March, 4, 2025 motion to removal from Civil Court To Federal Court In which Court was Attended on March, 10 2025.

*Id.* As a result, Gardner requests default judgment and states "I would like to be rewarded 10Billion and donate 1 billion to Courts for fair Judgment." [*Id.*].

Google responded in opposition that the motion was "frivolous," that "Google timely responded to the complaint by filing its Motion to Dismiss within 7 days following removal," and that "[w]hile Plaintiff seems to argue Google's parent company, Alphabet, Inc., did not respond, Plaintiff identified "Google, Inc." in the Complaint and Summons." [DE 9 at 49].

*A.     Standard*

Rule 55 governs Plaintiff's motion for default judgment "[w]hen a party against whom a judgment of affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . ." Fed. R. Civ. Pro. 55(a). Where, as here, a case does not involve a sum certain, Rule 55 sets out a two-step process. First, the Clerk of Court must issue an entry of default under Rule 55(a). Second, upon entry of default, if the plaintiff's claim is not for a sum certain, he or she "must apply to the court for a default judgment" by filing a motion for a default judgment under Rule 55(b)(2). Fed. R. Civ. P. 55(b)(1)-(2); *I Love Juice Bar Franchising, LLC v. ILJB Charlotte Juice, LLC*, No. 3:19-CV-00981, 2020 WL 4735031, at *3 (M.D. Tenn. Aug. 14, 2020).

After the Clerk's entry of default and the plaintiff's motion for default judgment, the Court considers whether a default judgment is proper. *Methe v. Amazon.com.dedc, LLC*, 2019 WL 3082329, at *2 (S.D. Ohio July 15, 2019). When doing so, the Court takes all factual allegations in the complaint as true. *In re Family Resorts of Am., Inc.*, 1992 WL 174539, at *4 (6th Cir. July 24, 1992). An entry of default, however, does not automatically entitle the plaintiff to a default judgment. *See F.C. Franchising Sys., Inc. v. Schweizer*, 2012 WL 1945068, at *3 (S.D. Ohio May 30, 2012). The plaintiff must still show that, when all factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted. *Said v. SBS Elecs., Inc.*, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010) (It "remains the plaintiff's burden to demonstrate that" the complaint's factual allegations, taken as true, "establish the defendant's liability."), *adopted as modified*, 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010).

> When considering whether default judgment is proper, courts:
>
> [T]ake into account: (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

Additionally, a default is not considered an admission of damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) ("Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved.").

### B.  Analysis

Several reasons compel denial of a default judgment against Google. First, as a procedural matter, Gardner has failed to follow the requirements of Rule 55 and seek a clerk's entry of default. *See* Fed. R. Civ. Pro. 55(a). As such, the motion must be denied on procedural grounds.

Second, even if a clerk's entry were properly sought, the clerk could not enter such default as Google has entered its appearance, noted the improper service on a non-existent entity, and pled timely by moving to dismiss. In its removal, Google asserts that it was "improperly named in this action as Google, Inc." [DE 1 at 1]. Google also asserts it "is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043." [*Id.* at 2, ¶9]. Google attaches its Statement of Information filed with the California Secretary of State as well as documents of formation. [DE 1-2]. It is clear from the formation documents and publicly available corporate information that in 2015 Google reorganized its corporate structure and became a wholly owned subsidiary of Alphabet, Inc. Google Inc. was converted to a Delaware limited liability company in September 2017 as part of that reorganization. As Google, Inc. no longer exists in that corporate structure, the existing entity, Google, LLC, has responded, and no default should issue.

Moreover, Fed. R. Civ. Pro. 12(a)(1) requires a defendant to serve an answer within a specified time. Under Rule 12(a)(4), if a party serves a Rule 12(b) motion, then the time to serve an answer is tolled until after the Court resolves the motion. *Compton v. City of Harrodsburg, Ky.*, 287 F.R.D. 401, 402 (E.D. Ky. 2012); *see also, Yao v. Oakland Univ.,* No. 2:21-CV-10523, 2022 WL 1598619, at *3 (E.D. Mich. May 19, 2022); *B.H.T. v. Sumner Cnty. Bd. of Educ.*, No. 3:20-CV-0732, 2020 WL 12630642, at *2 (M.D. Tenn. Dec. 30, 2020) ("Rule 12(a)(4) plainly tolls the time within which a defendant must answer during the pendency of a motion to dismiss. Fed. R. Civ. P. 12(a)(4)(A)."). There is no question that Google has timely filed a 12(b) motion [DE 7] and that the time to answer is tolled during the pendency of the motion.

For these reasons, the motion for default judgment must be **DENIED.**

2. Motion to Dismiss [DE 7]

Google asserts that Gardner's complaint should be dismissed under Rule 12(b)(1) as the complaint is so devoid of merit it fails to confer subject matter jurisdiction on this Court. [DE 7 at 37]. Google also asserts dismissal is warranted under Rule 12(b)(6) for failure to state a claim. [*Id.* at 40].

*A. Standard*

Rule 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint. Generally, Rule 12(b)(1) motions fall into two categories: facial attacks and factual attacks. Fed. R. Civ. P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). In a facial attack, the defendant asserts that the allegations in a complaint are insufficient on their face to invoke federal jurisdiction. *Id*. By contrast, in a factual attack, the defendant disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction and the Court is free to weigh the evidence. *Id*. The plaintiff has the burden of proving

6

subject matter jurisdiction to survive a motion to dismiss under Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences for the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett*, 561 F.3d at 488 (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 519 (1972). Yet "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). For example, "the less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001). Additionally, the Court cannot "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). The Court cannot supply missing facts or un-pled allegations, create a claim for the pro se plaintiff, or otherwise act as an advocate for them. *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001); *Bond v. Verdecia*, 2023 WL 5807026, *2 (W.D. Ky. Sept. 7, 2023). A *pro se* complainant must still contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Ultimately, "[t]he Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet for Families & Child.*, No. 3:07-cv-11-S, 2007 WL 2462184, at *4 (W.D. Ky, Aug. 29, 2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

    B. Analysis

        i.    Failure to respond.

As an initial matter Local Rule 7.1 provides that "[f]ailure to timely respond to a motion may be grounds for granting the motion." LR 7.1(c). Moreover, a party may to waive opposition to a motion to dismiss by "virtue of his failure to oppose [it]." *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008); *see also Williams v. PBI Bank*, No. 3:13-cv-1166-DJH-

CHL, 2017 WL 6940699, at *1, (W.D. Ky. Feb. 28, 2017) ("Failure to respond to a dispositive motion will be grounds for granting the motion.") (citations omitted). It is well settled law that a plaintiff waives a claim by failing to respond to or refute arguments made by the defendant in a motion to dismiss and "the Court assumes he concedes this point and abandons the claim." *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010); *see also Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x. 567 (6th Cir. 2013) (recognizing that the plaintiff had waived claim by failing to respond to or refute arguments made by the defendants in the district court); *Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 F. App'x. 409, 412 (6th Cir.2013) (same); *Doe v. Bredesen*, 507 F.3d 998, 1007–08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss); *Degolia v. Kenton Cty.*, 381 F. Supp. 3d 740, 759–60 (E.D. Ky. 2019) ("[I]t is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (quoting *Rouse v. Caruso*, No. 6-cv-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011)) (internal quotation marks omitted); *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 750 (M.D. Tenn. 2021); *PNC Bank, Nat. Ass'n v. Goyette Mech. Co., Inc.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015) (dismissing claims that the plaintiffs failed to respond to in opposition to motion to dismiss, noting that "[a] plaintiff abandons undefended claims.").

Here, Gardner has failed to file a response to Google's motion. Gardner's own default motion acknowledges that Google has appeared in the case, [DE 8 at 46], yet he has not filed a response to the motion to dismiss. Moreover, in Google's response to Gardner's motion for default, Google asserted Gardner's failure to respond to its' motion to dismiss as grounds for

9

granting its' motion. [DE 9 at 48 ("The deadline for Plaintiff to respond to the Motion to Dismiss was more than a month ago, April 1, 2025. Plaintiff's failure to respond is grounds to grant Google's Motion to Dismiss." (citing Rule 7.1(c))]. Gardner did not reply in opposition to this assertion or attempt to file a response to the motion to dismiss. As a result, the Court may consider any opposition to the motion to dismiss waived and grant Google's motion to dismiss.

ii.     Frivolous and patently insubstantial or conclusory claims.

Even if Gardner had responded, dismissal here is warranted. A district court has authority to dismiss a complaint under Rule 12(b)(1) "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999) (per curiam). "[M]ost complaints will not be so clearly insufficient as to warrant dismissal under Rule 12(b)(1), but instead should be handled under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to state a claim upon which relief can be granted." *Id.* at 480. "When a district court is faced with a complaint that appears to be frivolous or unsubstantial in nature, dismissal under Rule 12(b)(1) (as opposed to Rule 12(b)(6)) is appropriate in only the rarest of circumstances where . . . the complaint is deemed totally implausible." *Faller v. Att'y Gen. of Kentucky*, No. CIV A 1:08-CV-86-R, 2009 WL 530646, at *2 (W.D. Ky. Mar. 3, 2009) (citing *Apple*, 183 F.3d at 480).

Frivolous or patently insubstantial complaints are subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. *Watkins v. F.B.I.,* No. 3:14-CV-656-CRS, 2015 WL 339584, at *1 (W.D. Ky. Jan. 23, 2015) (citing *Nietzke v. Williams,* 490 U.S. 319, 327 n. 6 (1989) and *Hagans v. Lavine,* 415 U.S. 528, 536–37 (1974) (federal courts lack power to entertain claims that are "so attenuated and insubstantial as to be absolutely devoid of merit.")). Examples of clearly baseless factual contentions include "claims describing fantastic or delusional scenarios . . ."

*Neitzke,* 490 U.S. at 328. As stated in *White v. State of Michigan Ctr. for Forensic Psychiatry,* 66 Fed. App'x 626, 627, 2003 WL 21397866 (6th Cir. 2003), "[a] totally unsubstantiated complaint such as the one in this case fails to confer subject matter jurisdiction on the district court." *Citing Hagans,* 415 U.S. at 536–37. Garner's complaint lacks credible allegations. It contains bizarre, fantastic, delusional, and disjointed thoughts which the Court strains to interpret or decipher. As such, the action must be dismissed under Rule 12(b)(1) as patently insubstantial and frivolous such that it conveys no subject matter jurisdiction to this Court.

Further, to survive a motion to dismiss grounded on a failure to state a claim, a complaint must contain sufficient factual matter, taken as true to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 662 (*citing Twombly,* 550 U.S. at 556). Not only are Gardner's allegations bizarre and incredible, but they fail to allege any claim. As stated in *Iqbal,* 129 S.Ct. at 1949, a plaintiff must provide more than mere labels and conclusions, or a "formulaic recitation of the elements of a cause of action." Here the complaint lacks plausible legal claims and any well-pled facts. Moreover, any well potentially decipherable allegations are speculative and conclusory such that they cannot survive a motion to dismiss. For this reason, the action must also be dismissed for Gardner's failure to state a claim upon which relief can be granted, under Rule 12(b)(6).

### iii. Sovereign citizen claims.

Although Google does not directly address this matter, the Court notes that Gardner's complaint appears to raise a number of so-called "sovereign citizen" beliefs or arguments or, at a minimum uses language associated with these theories. *Noles v. United States Internal Revenue*

*Serv.*, No. 3:23-CV-150-TAV-JEM, 2024 WL 4899990, at *1–2 (E.D. Tenn. Nov. 26, 2024) (citing *United States v. Cook*, No. 3:18-cr-19, 2019 WL 2721305, at *1–2 (E.D. Tenn. June 28, 2019)). As described by other courts in this Circuit, sovereign citizen pleadings are "dense, complex, and virtually unreadable," and a branch of sovereign citizen case law has grown to address the voluminous and often frivolous workload. *See* Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement*, 199 Wis. L. Rev. 85, 796 (1999) ("Faced with mountains of paperwork, courts must choose between spending hours deciphering Sovereign Citizen arguments or dismissing them out of hand"). Thus, "Courts have repeatedly rejected, as frivolous, arguments based on the theory of sovereign citizenship" recognizing that such arguments are "a waste of court resources." *Powell v. Michigan*, No. 22-10816, 2023 WL 2154954, at *2 (E.D. Mich. Jan. 24, 2023) (internal quotation marks omitted).

As a result, courts in this district and others frequently *sua sponte* dismiss sovereign citizen complaints for lack of subject matter jurisdiction or dismiss sovereign citizen complaints on this ground without extended argument. *Primero v. Barum*, No. 3:24-cv-200, 2024 WL 1543782, at *2 (W.D. Ky. Apr. 9, 2024) (dismissing sovereign citizen complaint, at screening stage, for lack of subject matter jurisdiction because "the legal theories espoused in this action are frivolous"); *Adkins v. Kentucky*, No. 3:18-mc-26, 2018 WL 6528462, at *1–2 (W.D. Ky. Dec. 12, 2018) (*sua sponte* dismissing sovereign citizen complaint for lack of subject-matter jurisdiction without further discussion); *Maddox El v. Scharf*, No. 23-10990, 2023 WL 3587538, at *1–2 (E.D. Mich. May 22, 2023) (dismissing sovereign citizen complaint at screening stage for lack of subject matter jurisdiction without further discussion). To the extent certain of Gardner's claims assert these theories, the Court finds it appropriate to follow this course of action here.

### III. CONCLUSION

For all the reasons set forth above, and the Court being otherwise sufficiently advised**, IT IS ORDERED** as follows:

1. Google's motion to dismiss under Rule 12(b)(1) and 12(b)(6) [DE 7] is **GRANTED**;

2. Gardner's motion for default judgment [DE 8] is **DENIED**;

3. A separate judgment will be entered accordingly.

Rebecca Grady Jennings, District Judge
United States District Court

June 10, 2025

CC: Plaintiff, pro se